UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

           -against-                         S1 96-cr-0430 (LAK)

JAMES IDA, etc.,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/25
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        Defendant, reputedly the former *consigliere* of the Genovese organized crime family, was convicted after a lengthy jury trial of racketeering conspiracy, racketeering, eight substantive crimes which were alleged also as acts of racketeering, and conspiracy to defraud the United States. Three of the acts of racketeering, two of which were alleged also as substantive counts, were murders or conspiracies to commit murder. On October 7, 1997, he was sentenced to a term of life imprisonment, five years of supervised release, a mandatory special assessment, and a $1 million forfeiture. On April 30, 1999, the Second Circuit substantially affirmed the convictions, reversing only racketeering act 2(a) and count nine, the DeSimone murder conspiracy.[1] He now moves, for the second time, for compassionate release[2] citing, among other things, his advanced age, his declining health, the shortcomings of the health care available

---

[1] *United States v. Bellomo,* 176 F.3d 580 (2d Cir.), *cert. denied,* 528 U.S. 987 (1999).

[2] The prior application was denied and the denial affirmed by the Court of Appeals. Subsequently, and in advance of the present motion, defendant sought a reduction in sentence by the Bureau of Prisons ("BOP"). That request was denied because the BOP concluded that "his release at this time would minimize the severity of his offenses and could pose a danger to the community." (Dkt 732-2)

to him while incarcerated, and the duration of his incarceration to date. His application is supported in part by doubtless sincere and heartfelt submissions by his wife and other family members.

The Court assumes without deciding that there are there are "extraordinary and compelling reasons warrant[ing] . . . a reduction" within the meaning of 18 U.S.C. §3582(c)(1)(I), Nevertheless, the Court on that assumption may not grant a reduction in sentence unless, as defendant's memorandum recognizes, the Court finds that "the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction."[3] Despite sympathy for the appeals of the family members and of the inevitable consequences of the aging process, the Court cannot conscientiously make such a finding in view of the nature of the defendant's offenses , which are summarized at length in the Court of Appeals decision largely affirming defendant's convictions and which therefore need not be repeated here.[4] Suffice it to say here that the defendant was complicit in the murder of at least two individuals. He therefore bears responsibility for depriving at least two individuals of the chances for long life and ending their days in the arms of their families. A reduction in sentence, even after serving almost three decades in confinement, would minimize the severity of his offenses.

The motion for a reduction in sentence (Dkt 731) is denied.

SO ORDERED.

Dated:     August 5, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[3] Def. Mem. (Dkt 733, at 3).

[4] *United States v. Bellomo,* 176 F.3d 580, 588-94 (2d Cir. 1999).